UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jerry L. McGlone,

    Plaintiff,

        v.                              Case No. 1:19cv1058

Warren Correctional Institution, *et al.*,        Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on the Report and Recommendation ("R&R") filed by the Magistrate Judge on March 12, 2020 (Doc. 6).

Proper notice has been given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). No objections to the Magistrate Judge's R&R (Doc. 6) have been filed.

Accordingly, it is **ORDERED** that the R&R (Doc. 6) of the Magistrate Judge is hereby **ADOPTED**. Consistent with the recommendation by the Magistrate Judge, because plaintiff has failed to pay the full $400.00 fee ($350 filing fee plus $50 administrative fee) in this matter, it is **ORDERED** that this case be **DISMISSED**. Plaintiff, however, remains liable for, and is hereby **ASSESSED**, the full $400.00 fee.[1]

---

[1] "Although the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his action may be burdensome, it is not unfair. A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for

1

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Cashier of the Southern Ohio Correctional Facility in Lucasville, Ohio, who is instructed as follows:

> The Cashier shall deduct, and forward to the Clerk of Court, 20% of the preceding month's income credited to plaintiff's account each time the amount in the account exceeds $10.00 until the full fee has been paid. The Cashier shall not send payments aggregating more than the amount of the full fee.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that for the reasons expressed here and in the Magistrate Judge's R&R (Doc .6), an appeal of this Order would not be taken in good faith. *See McGore v. Wrigglesworth,* 114 F.3d 601, 610–11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                                /s/ *Michael R. Barrett*
                                                Michael R. Barrett, Judge
                                                United States District Court

---

these actions-whatever their merit or disposition-will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints-thus taking much valuable time away from other non-frivolous litigation-without any consequence beyond the mere dismissal under § 1915(g). The intent of the [Prison Litigation Reform Act] was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant." *In re Alea,* 286 F.3d 378, 382 (6th Cir. 2002). (emphasis added)